24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Wesley PEASLEE, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 93-35204.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 25, 1994.*
Decided April 25, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We remanded this habeas matter to the district court for an evidentiary hearing on petitioner's claim that the state court's decision to restrain him with leg shackles during trial violated constitutional due process. We noted that the evidence available to us was insufficient to demonstrate a compelling need for the shackling, but that an evidentiary hearing might reveal that the state trial court had reasons not apparent from the record to justify its decision.
 
 
 3
 On remand, the evidentiary hearing uncovered many additional facts, including an off-record proceeding just prior to trial, during which the state's justifications for its request for restraints were discussed. Both the trial judge and the prosecutor testified at the evidentiary hearing regarding this proceeding.
 
 
 4
 We agree with the district court that the additional evidence cumulatively shows "compelling circumstances" for using some restraint as a security measure. See Jones v. Meyer, 899 F.2d 883, 885 (9th Cir.1990), cert. denied, 498 U.S. 832 (1990). The additional evidence supports the district court's conclusion that threats to witnesses, the dangerousness of petitioner, the possible risks of escape or disruption to the proceedings, and courtroom security, were all carefully considered by the trial court in evaluating the state's request for restraints. Moreover, the new evidence also indicates that the trial court considered and rejected several other security arrangements as infeasible. Thus, we agree with the district court that the trial court adequately performed the two-step analysis required by Jones, 899 F.2d at 885.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3